IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| MACY'S, INC. AND BLOOMINGDALE'S, INC. | § § § § | |
| *Defendants.* | | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT
TO MACY'S INC. AND BLOOMINGDALES INC.**

Plaintiff Lennon Image Technologies, LLC ("LIT") files this Complaint against Macys, Inc. ("Macy's") and Bloomingdale's, Inc. ("Bloomingdale's") (collectively, "Defendants") and alleges as follows:

**PARTIES**

1. Plaintiff LIT is a Texas Limited Liability Company with its principal place of business at 1910 East Southeast Loop 323, #244, Tyler, Texas 75701.

2. Upon information and believe, Defendants are corporations organized and existing under the laws of the State of Ohio, with their principal place of business located at 7 West Seventh Street, Cincinnati, Ohio 45202. Defendants may be served with process through their registered agent Corporation Service Company, 2170 Gateway Oaks Dr. Ste. 150N, Sacramento, California 95833.

## BACKGROUND

3. On information and belief, Defendants are nationwide retailers that operate department stores, furniture galleries, home stores, and outlet stores.

4. On information and belief, Defendant Macy's owns, operates, and/or is doing business as Bloomingdale's.

5. On information and belief, Defendants have made and continue to make available to their customers virtual fitting apparatuses for manipulating an image corresponding to a customer.

6. On information and belief, Defendant Bloomingdale's has made and continues to make virtual fitting apparatuses available to customers, including a virtual sunglasses try-on apparatus ("VSTA").

7. On information and belief, Defendant Bloomingdale's has made and continues to make virtual fitting apparatuses available to customers, including virtual fitting rooms, for example, the "Swivel."

8. On information and belief, Defendants have made and continue to make virtual fitting apparatuses available to customers, including a virtual mirror apparatus, for example, the "Magic Mirror" and/or the "Magic Fitting Room," which allows customers to virtually try-on available merchandise.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

10. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Upon information and belief, Defendants are subject to this Court's general and/or specific personal jurisdiction because it (a) are residents of the State of Texas; (b) have designated an agent for service of process in the State of Texas; (c) have committed acts of infringement in the State of Texas as alleged below; and/or (d) are engaged in continuous and systematic activities in the State of Texas.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have a regular and established place of business in this district, and/or have transacted business in this district, and/or have committed, contributed to the commitment of, and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

13. On September 23, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,624,843 ("the '843 Patent") entitled "Customer Image Capture and Use Thereof in a Retailing System," a true copy of which is attached as Exhibit A.

14. LIT is the owner by assignment of the '843 Patent and owns all right, title and interest in the '843 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '843 Patent.

## CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 6,624,843

15. Defendants have been and are now directly infringing one or more claims of the '843 Patent in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale or importing in the United States apparatuses for manipulating a customer image corresponding to a customer ("Virtual Fitting Apparatuses").

16. In addition and/or in the alternative, Defendants have been and/or are now indirectly infringing one or more claims of the '843 Patent and is continuing to engage in such

indirect infringement in violation of 35 U.S.C. § 271(b) by inducing their customers to directly infringe the '843 Patent through their use of the infringing instrumentalities. Defendants induce such infringement by at least making the Virtual Fitting Apparatuses available to customers. Defendants engage in such activities knowingly and, at least from the time of receipt of the present complaint, have done so with the knowledge that such activity encourages end users to directly infringe the '843 Patent.

17. As a direct and proximate consequence of the acts and practices of the Defendants in infringing, directly and/or indirectly, one or more claims of the '843 Patent, LIT has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

18. Because Defendants have a corporate and financial relationship, Defendants' actions are part of the same transaction, occurrence, or series of transactions or occurrences and there is a logical relationship between the claims asserted against the Defendants such that there is substantial evidentiary overlap in the facts giving rise to the cause of action against each Defendant.

19. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LIT.

## DEMAND FOR JURY TRIAL

20. LIT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lennon Image Technologies, LLC requests entry of judgment that:

1. Defendants have infringed the patent-in-suit;

2. Defendants account for and pay to Plaintiff all damages caused by their infringement of the patent-in-suit;

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiff; and

6. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 27, 2013                    Respectfully submitted,

                                                **BUETHER JOE & CARPENTER, LLC**

By:   */s/ Christopher M. Joe*
      Christopher M. Joe (Lead Counsel)
      State Bar No. 00787770
      Chris.Joe@BJCIPLaw.com
      Eric W. Buether
      State Bar No. 03316880
      Eric.Buether@BJCIPLaw.com
      Niky Bukovcan
      State Bar No. 24078287
      Niky.Bukovcan@BJCIPLaw.com

      1700 Pacific Avenue
      Suite 4750
      Dallas, Texas 75201
      Telephone:   (214) 466-1272
      Facsimile:   (214) 635-1828

      **ATTORNEYS FOR PLAINTIFF LENNON IMAGE TECHNOLOGIES, LLC**