**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, | § | |
| | § | Civil Action No. 2:13-cv-00235-JRG |
| v. | § | |
| | § | **LEAD CASE** |
| MACY'S INC., ET AL. | § | |
| | § | |
| DITTO TECHNOLOGIES, INC. | § | Civil Action No. 2:13-cv-00236-JRG |
| | § | |
| LUMONDI, INC. | § | Civil Action No. 2:13-cv-00238-JRG |
| | § | |
| LUXOTTICA USA, ET AL. | § | Civil Action No. 2:13-cv-00239-JRG |
| | § | |
| SAFILO AMERICA, INC., ET AL. | § | Civil Action No. 2:13-cv-00240-JRG |
| | § | |
| TACORI ENTERPRISES | § | Civil Action No. 2:13-cv-00241-JRG |
| | § | |

**DISCOVERY ORDER FOR PATENT CASES
ASSIGNED TO JUDGE RODNEY GILSTRAP AND JUDGE ROY PAYNE**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), by the date set in the Docket Control Order, each party shall disclose to every other party the following information:

    (a)      the correct names of the parties to the lawsuit;

    (b)      the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.     **Disclosure of Expert Testimony.**  A party must disclose to the other parties by the dates set in the Docket Control Order related to disclosure of expert witnesses the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.**  Without awaiting a discovery request and by the date set forth in the Docket Control Order,[1] each party will make the following disclosures to every other party:

(a)  provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)  produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)  provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests for production.

the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

Interrogatories:

Both Plaintiff and Defendants collectively are permitted 17 common interrogatories.  A common interrogatory, when served by Plaintiff, is an interrogatory served on substantially all Defendants by Plaintiff.  A common interrogatory, when served by Defendants, is an interrogatory served on Plaintiff by substantially all Defendants.  Plaintiff may serve up to 10 additional interrogatories on each individual Defendant pertaining to that Defendant.  Each Defendant may serve up to 10 additional interrogatories on Plaintiff pertaining to that Defendant.

Requests for Admission:

Both Plaintiff and Defendants collectively are permitted to serve 25 common requests for admission for issues other than authentication of documents.  A common request for admission, when served by Plaintiff, is a request for admission served on substantially all Defendants by Plaintiff.  A common request for admission, when served by Defendants, is a request for admission served on Plaintiff by substantially all Defendants. Plaintiff may serve up to 10 additional individual requests for admission for issues other than authentication on each Defendant pertaining to that Defendant.  Each Defendant may serve up to 10 additional individual requests for admission on Plaintiff for issues other than authentication pertaining to that Defendant.  Both Plaintiff and

Defendants collectively are permitted an unlimited number of requests for admission for authentication of documents.

Total Fact Depositions:

Defendants jointly may take up to 200 hours of oral fact depositions (this excludes expert depositions and Rule 30(b)(6) depositions), and each Defendant may take an additional 14 hours of deposition testimony on issues pertaining to that Defendant. Plaintiff may take a maximum of 30 hours of depositions of persons employed by or affiliated with each Defendant.  Plaintiff may take up to 60 hours of depositions of third parties.

Party Depositions Under Rule 30(b)(6):

Plaintiff may take up to 30 hours of 30(b)(6) deposition testimony of each Defendant.  Defendants jointly may take up to 30 hours of 30(b)(6) deposition testimony of Plaintiff, and each Defendant individually may take up to 3 hours of deposition testimony of Plaintiff on issues particularly pertaining to the allegations asserted against that Defendant.

Expert Depositions:

Plaintiff may take up to 7 hours of deposition testimony of each expert witness for any Defendant for each expert report submitted by the expert, and, for each expert witness for a Defendant who submits an invalidity report, Plaintiff may take up to 1 hour of additional deposition testimony of that expert for each prior art reference in excess of 10 prior art references relied upon in the report.

A Defendant may take up to 7 hours of deposition testimony of any expert witness for Plaintiff for each expert report submitted by the expert, except that, for any expert

witness for Plaintiff who submits an expert report on the issue of infringement or damages with respect to multiple defendants, the deposition of that expert shall be limited to 2 hours of joint examination by the named Defendants with an additional 5 hours of examination by each individual defendant on issues in the report particularly pertaining to that Defendant.

Depositions on Written Questions:

There are no limits on the number of depositions upon written questions taken pursuant to Rule 31.

Deposition Limits:

Unless otherwise agreed, the daily limit of 7 hours shall apply to all depositions. Time will count whether used in direct examination or cross-examination of any witness.

Email Discovery:

Each party shall identify the 6 most significant email custodians most likely to have emails relevant to the litigation. Email production requests shall be limited to 6 custodians per party. Any party may later move to modify these limitations for good cause.

5.      **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an

order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

6.    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

7.    **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

8.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written

statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)     In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

9.     **No Excuses.**   A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

10.     **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

11.     **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

12.     **Proposed Stipulations by the Parties Regarding Discovery:** The parties agree to

follow the Eastern District of Texas Model Order on E-Discovery in Patent Cases

**So ORDERED and SIGNED this 29th day of August, 2013.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE