IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, <br>    Plaintiff, <br><br> v. <br><br> MACY'S RETAIL HOLDINGS, INC., ET AL., <br> LUXOTTICA USA, ET AL., <br>    Defendants. | § § § § § § § § § § § | Civil Action No. 2:13-cv-00235-JRG <br><br> **LEAD CASE** <br><br> Civil Action No. 2:13-cv-00239-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Luxottica USA, et al., ("Luxottica") and Macy's Retail Holdings, Inc., et al., ("Macy's") (collectively, "the Defendants") Motion for Immediate Stay Pending Inter Partes Review (Dkt. No. 58). This case is one of six cases filed in this Court by Lennon Image Technologies, LLC ("Lennon") alleging infringement of U.S. Patent No. 6,624,843 ("the '843 patent"). These six related cases were consolidated for all pretrial issues on August 1, 2013 (Dkt. No. 21). Since then, all but the remaining two Defendants have settled or been dismissed.

    **I.**    **Background**

At issue in this case is whether a potential *inter partes* review ("IPR") and a pending reexamination proceeding before the United States Patent and Trademark Office ("USPTO") justifies the issuance of a stay in this Court. The IPR is a relatively new procedure born out of the Leahy-Smith America Invents Act. *See* 35 U.S.C. § 311. To institute an IPR, a defendant in a patent suit has one year from being served with the complaint to file a petition requesting an

IPR with the USPTO's Patent Trial and Appeal Board ("PTAB"). 35 U.S.C. § 315(b). Once a petition requesting an IPR is filed, the patent owner has three months to file a preliminary response. After those three months have passed, PTAB has yet another three months to determine whether there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition, in which case it will grant the IPR. If the IPR is granted, a final determination from PTAB must be issued within one year from the grant date, although PTAB may extend the one-year period by another six months for "good cause." Dissatisfied participants can then appeal PTAB's decision to the Federal Circuit, further extending the amount of time consumed. 35 U.S.C. § 141(c).

Once the IPR process has run its course, any party who joined the IPR is collaterally estopped from raising the same invalidity arguments in a subsequent trial (or any arguments that could have been brought at the time of the IPR). However, nonparties to the IPR are free to raise the same invalidity contentions in a subsequent trial. In fact, nonparties are free to file another petition with PTAB seeking another IPR. This is precisely what happened in the present case.

In the present case, this Court has seen two separate motions to stay pending resolution of two separate IPRs challenging the validity of the '843 patent. The first petition for an IPR was filed at the USPTO (Case IPR2013-00432) by former defendant Luminox Watch Company ("Luminox") on July 10, 2013. Luminox requested a stay based on this first *inter partes* review, and this Court denied that motion on January 6, 2014 (Dkt. No 24). During the time of that activity, the present Defendants—Macy's and Luxottica—did not join the IPR, and would not be collaterally estopped from raising any of Luminox's same invalidity contentions at trial. *See* 35 U.S.C. § 299 (requiring separate invalidity trials). The PTAB did not reach a resolution on the original IPR, as Luminox and the plaintiff—Lennon—reached a settlement agreement. On

March 21, 2014, this Court granted the motion to dismiss the litigation with respect to Luminox, (Dkt. No. 51), and the PTAB granted the joint motion to terminate the *inter partes* review (Case IPR2013-00432, Paper 19).

After such first IPR was terminated through settlement, and on the very eve of the one-year grace period allowed for filing a petition seeking review at PTAB, the present defendants—Macy's and Luxottica—filed their own joint petition at PTAB seeking an IPR challenging the validity of the '843 patent. This action restarts the IPR clock, giving Lennon three months to file an initial response, then giving PTAB another three months to initiate its review if it chooses to do so, with another twelve to eighteen months to then run before the PTAB issues a decision. At present, the PTAB has not chosen whether it will grant these Defendants' IPR. The PTAB has until the middle of October 2014 to decide. Once that decision is made, the PTAB will conduct proceedings and could render a decision by mid-October 2015, but that period could be extended to April of 2016, and pending appeals, even later. Macy's and Luxottica have jointly moved to stay all proceedings before this Court until this second IPR is resolved.

To further complicate the status of the '843 patent, a separate reexamination proceeding is also pending at PTAB concerning the '843 patent. This reexamination proceeding began before Luminox Watch Company filed the first IPR, and it was stayed by PTAB while the first IPR was pending. After the first IPR was dismissed, the stay was lifted and the reexamination began to proceed again. However, we presume that this reexamination would be stayed yet again should PTAB grant the second IPR. Currently there is a non-final office action pending in the reexamination proceeding.

Meanwhile in this Court, the '843 patent is being litigated. The *Markman* hearing was held on July 29, 2014, and the Court's claim construction order (Dkt. No. 96) issued on August

1, 2014. Per the current Docket Control Order (Dkt. No. 30), fact witness discovery must be completed by October 27, 2014, and expert witness depositions must be completed by December 8, 2014. A trial date is set for March 2, 2015, less than six months away.

## II. Applicable Law

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In striking that balance, courts typically consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify issues in question and trial of the case, and; (3) whether discovery is complete and whether a trial date has been set. *Soverain Software LLC*, 356 F.Supp.2d at 662. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006). Macy's and Luxottica support their motion by arguing that these three factors weigh in their favor. Lennon opposes their motion and argues that the same three factors weigh in its favor and against a stay.

## III. Analysis

Turning to the first factor, the Court acknowledges that a patent holder has "an interest in the timely enforcement of its patent right." *Ambato Media, LLC v. Clarion Co., Ltd.*, 2:09-cv-242-JRG, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). The Defendants suggest that the cost of staying the proceeding until the PTAB makes a determination would not outweigh this important interest. The Court disagrees. As noted, the reexamination at PTAB is not even in its

final stage. Even if it was, "final does not always have its plain and ordinary meaning at the USPTO." *Portal Techs. LLC v. Yahoo! Inc.*, 2012 U.S. Dist. LEXIS 110495, at *2 (E.D. Tex. Jan. 3, 2013). Staying the action for such an indefinite period of time would essentially remove the Court's discretion regarding control of its own docket and hold the Court in limbo awaiting determinations that could take years to reach an absolute resolution. Factor one favors denying the motion to stay.

Turning to the second factor, the Defendants argue that the PTAB will simplify the issues by amending or cancelling claims during the IPR or the reexamination proceeding. This argument is not compelling for two reasons. First, the IPR may or may not result in cancelled or amended claims. Although the Defendants contend that PTAB is virtually guaranteed to grant the IPR, this is no guarantee that the claims will be amended or cancelled during the IPR. Second, as previously explained by the Courts of this District with regard to reexamination proceedings, "the Court is unwilling to adopt a per se rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected." *Soverain Software LLC v. Amazon, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005). Doing so "would invite parties to unilaterally derail timely patent case resolution by seeking reexamination." *Soverain Software LLC*, 356 F.Supp.2d 660, 662-63 (E.D. Tex. 2005). Although some of the claims may change in this case, the Court is of the opinion that the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case on hold for an indefinite and lengthy period of time. *Id.* at 663. The second factor favors denying the motion to stay.

Turning to the third factor, the Court is persuaded that the well-developed posture of this case weighs heavily against granting a stay. The case has been actively proceeding in this Court for well over a year. Discovery is nearly complete, and the parties are preparing for expert

witness depositions. In addition, the parties have fully briefed and argued the claim construction issues and the Court's *Markman* order has issued. Finally, trial is set for March 2, 2015, less than six months away. Given the sizable resources that the parties and the Court have already invested in this case, staying the case, "based solely on speculation of what might possibly happen during reexamination" or based upon a possible IPR, "would be inefficient and inappropriate." *Soverain Software LLC*, 356 F.Supp.2d at 663. Factor three weighs heavily against granting a stay.

## IV. Conclusion

The Court places much importance on proceeding to trial on the date set forth in the scheduling order, unless extraordinary circumstances arise. The Court does not believe that reexamination or the possibility of an IPR qualifies as an extraordinary circumstance in this case. The certainty of proceeding to trial when scheduled bestows a level of stability and predictability on the litigation process that benefits all of the parties, their counsel, and the Court. At this late stage of case development, to jettison the benefits of that certainty for a process that is by its nature uncertain would be unfairly prejudicial to the nonmoving party and should not be approved by this Court. After considering the above factors, the Court finds a stay at this point in the proceedings is inappropriate. Accordingly, the Court **DENIES** the Defendants' motion.

**So ORDERED and SIGNED this 17th day of September, 2014.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE